## Batykefer v. Batykefer

*William H. Markus,* for plaintiff.

*Fingold & Fingold,* for defendant.

McNAUGHER, P. J., January 3, 1956.—April 20, 1925, plaintiff and defendant, at that time husband and wife, purchased a house and lot as tenants by the entireties. A mortgage was placed on the property, there was a default in payments and foreclosure proceedings followed in September, 1933. The Concord Premium Building and Loan Association of North Side, Pittsburgh, the mortgagee, purchased the property at the sheriff's sale. Plaintiff and defendant con-

tinued thereafter to occupy the premises and in October, 1934, repurchased the property with assistance given by the Home Owners' Loan Corporation. September 24, 1952, the parties were divorced and now by this proceeding plaintiff seeks partition under the provisions of the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501. Defendant filed an answer and amended answer and we are to consider plaintiff's preliminary objections to the latter pleading.

Defendant contends, as we understand it, that the tenancy by entireties is to be treated as continuous from the date of the original purchase in 1925, that the sheriff's sale in 1933 did not break the chain of title, and that therefore the law prevailing in 1925 is applicable and not the provisions of the Act of 1927. That would mean that after the divorce, unless the parties should agree upon a sale and division of the proceeds, the estate by the entireties would remain in effect and the survivor would become the sole owner. But on the other hand, under the Act of 1927, as amended, upon the application of either party, the property might be sold and the proceeds divided between the two. Section one of that act is in part as follows:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. . . ."

The Home Owners' Loan Act of June 13, 1933, 48 Stat. at L. 129, United States Code, Title 12, §1463(g), provides:

(g) The Corporation is further authorized to exchange bonds and to advance cash to redeem or recover *homes lost by the owners by foreclosure* or forced sale by a trustee under a deed of trust or under power of attorney, or by voluntary surrender to the mortgagee subsequent to January 1, 1930. . . ." (Italics supplied).

The language emphasized indicates the purpose to afford relief, if possible, where homes were "lost by the owners by foreclosures, etc." The fact that in this case the parties continued to live in the property after the sale is no evidence of continued ownership—they became mere tenants of the purchaser, the Building and Loan Association, and remained so until the repurchase was effected. When the property was sold at sheriff's sale anyone might have been the purchaser. It turned out that as the highest bidder, the mortgagee, became so. Also the Home Owners' Loan Corporation Act provides that a mortgagee *may* accept bonds of the corporation as security for the debt but is under no obligation to do so and may if it chooses retain title to the property.

In our opinion the present tenancy of estate by the entireties dates from the deed given in October 1934, when plaintiff and defendant repurchased the property from the Building and Loan Association, and therefore the provisions of the Act of 1927 as amended apply in this case.

Plaintiff's preliminary objections to the amended answer of defendant will be sustained.

### Order

And now, to wit, January 3, 1956, plaintiff's preliminary objections are hereby sustained and plaintiff is granted leave to proceed in accordance with the provisions of the Act of 1927, P. L. 884, as amended by the Act of 1949, P. L. 1394.